UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**KIMBERLEY SUE MORROW**                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:18-CV-163-GNS**

**HENSLEY, SHERIFF** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION

Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of her current address and of actively litigating her claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On June 5, 2019, the copy of an Order sent to Plaintiff was returned to the Court by the U.S. Postal Service with the envelope labeled "Return To Sender, Not Deliverable As Addressed, Unable to Forward" (DN 11). Plaintiff apparently no longer is housed at her address of record, and she has not advised the Court of a change of address. Therefore, neither orders from this Court nor filings by Defendants in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order of dismissal.

Date: July 22, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
4416.005